UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-  Case No. 6:06-cr-228-Orl-18KRS

SEAN FITZGERALD THOMPSON,
Defendant.

## ORDER

This cause comes on for consideration upon Defendant Sean Fitzgerald Thompson's Motion to Dismiss Indictment (Doc. 17, filed March 29, 2007), to which the Government responded in opposition. (Doc. 18, filed April 9, 2007.) Defendant's motion asserts a violation of the Speedy Trial Act, 18 U.S.C. § 3161, et seq. After reviewing the motions and memoranda filed by each party, the Court **DENIES** Defendant's Motion to Dismiss Indictment.

### FACTUAL BACKGROUND

Defendant was arrested on January 5, 2007, in the Southern District of Florida, charged with violation of 18 U.S.C. § 1542, false statement in application of passport. On January 10, 2007, U.S. Magistrate Judge Lurana S. Snow of the Southern District of Florida issued an order of removal of Defendant to the Middle District of Florida. As of March 29, 2007, when Defendant filed his motion, Defendant was still incarcerated at the Miami Federal Detention Center in the Southern District of Florida. Defendant was finally transported to the Middle District of Florida and had his initial appearance before U.S. Magistrate Judge James G. Glazebrook on April 19, 2007. A scheduling order was issued as to Defendant on April 20, 2007, setting his trial date for June 1, 2007, before this Court.

## ANALYSIS

The Speedy Trial Act, 18 U.S.C. § 3161, et seq., provides, in pertinent part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). There are various tolling provisions, however, which are "periods of delay [that] shall be excluded in computing the time . . . within which the trial of any such offense must commence." Id. § 3161(h). The relevant tolling provision in the instant case is "delay resulting from transportation of any defendant from another district . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." Id. § 3161(h)(1)(H).

The Government claims in its brief response that the statutory language of the Speedy Trial Act, combined with the Eleventh Circuit's ruling in United States v. Wilkerson, 170 F.3d 1040, 1042 (11th Cir. 1999), indicate that the speedy trial period has yet to begin to run. The Government relies on the fact that (as of the filing of this Motion) Defendant has yet to appear before this Court (i.e., the Middle District of Florida, where the charge is pending). While the speedy trial period usually doesn't begin running until the defendant "has appeared before a judicial officer of the court in which such charge is pending," the issue before the Court here is broader than that. The Government does not address why Defendant was not able to make an appearance in the Middle District of Florida prior to April 19, 2007. The Government does not address the delay in removal of Defendant from the Southern District of Florida, despite a removal order dated January 10, 2007. Therefore, simply

because Defendant has not appeared before this Court is not enough to say that the speedy trial period has yet to begin.

This Court holds that the speedy trial period for Defendant began upon Magistrate Judge Snow's Order of Removal on January 10, 2007. To hold otherwise would render the relevant tolling provision, § 3161(h)(1)(H), largely useless in situations such as this one, where the Order of Removal of Defendant was either ignored or forgotten about. Having established this, the Speedy Trial Act then gives ten days for Defendant's transportation to the appropriate district. See 18 U.S.C. § 3161(h)(1)(H). Defendant, in his motion, argues that the Court should simply count 80 days (70 days for speedy trial plus 10 days for transportation) from January 10, 2007. However, the counting of a 10-day period for transporting a defendant does not include intervening Saturdays, Sundays and legal holidays. See Fed. R. Crim. P. 45(a); United States v. Garrett, 45 F.3d 1135, 1140 n.6 (7th Cir. 1995); United States v. Bond, 956 F.2d 628, 632 (6th Cir. 1992); see also United States v. Daly, 716 F.2d 1499, 1504 n.3 (9th Cir. 1983) (applying Rule 45(a) to Speedy Trial Act calculations generally). This means that the calculation of the 70-day period for speedy trial actually commences on January 26, 2007 (two full weekends and one legal holiday – Martin Luther King, Jr.'s Birthday – were part of the ten-day period for transportation).

After his initial appearance before this Court, Defendant's trial date is now set for June 1, 2007. Taking January 26, 2007, as the starting point for computing the 70 days, it is clear that June 1 is outside of the limitations period. However, the scheduled trial date is not the date to which this Court must look in its computation. This is because Defendant, on March 29, 2007, filed a motion with this Court raising his speedy trial claim. (See Doc. 17.) According to 18 U.S.C. § 3161(h)(1)(F), "delay resulting from any pretrial motion, from the filing of the motion through the

conclusion of the hearing on . . . such motion" shall be excluded in computing the limitations period. See also United States v. Bond, 956 F.2d at 632. At the time Defendant's motion to dismiss the indictment was (prematurely) filed, the 70-day limitations period had not expired – only 63 days had passed as of March 29, 2007. Thus, the Speedy Trial Act has not been violated.

Upon the entering of this Order, the 70-day limitation for the speedy trial period will again commence. The parties are hereby advised that a **TRIAL IS SET FOR THURSDAY, APRIL 26, 2007 at 9:15 a.m.**.

## CONCLUSION

For the reasons stated above, Defendant's Motion is hereby **DENIED**. Defendant's Reply to United States's Response in Opposition to Defendant's Motion to Dismiss is **STRICKEN FROM THE RECORD** as Defendant had not received this Court's permission for an additional reply.

**DONE** and **ORDERED** in Orlando, Florida this 24 day of April, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant